IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-11-00155-DMG |
| | ) | |
| v. | ) | **FILED UNDER SEAL** |
| | ) | |
| GABRIEL BENHAROSH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### AFFIDAVIT OF A. JEFF IFRAH

A. Jeff Ifrah, being duly sworn, deposes and states:

1. I am the founding partner of Ifrah PLLC, a law firm in Washington, D.C. I am the lead counsel for defendant, Mr. Gabriel Benharosh, in the above captioned case.

2. Stephen Demik is a deputy public defender in the Central District of California. He is currently representing defendant Sasson Barashy in the matter of *United States v. Abergil, et al.*, Case Number CR-08-1033-CAS.

3. On June 15, 2011, AUSA Mark Childs sent a letter to defense counsel in the case captioned *United States v. Abergil*, 08-10833-CAS, including Mr. Demik, notifying counsel that Mr. Benharosh would be sentenced on July 7 and that he might be deported as early as July 8. In his letter, AUSA Childs invited defense counsel in the *Abergil* case to file motions in that case seeking a material witness warrant. A copy of Mr. Childs' letter is attached to this Affidavit.

4. I am informed that AUSA Childs subsequently informed Mr. Demik that the government would not oppose an application to detain Mr. Benharosh as a material witness.

5.   On June 24, 2011, Mr. Demik notified me via email that he would be filing a motion to designate Mr. Benharosh as a material witness the *Abergil* case.  In this same email, Mr. Demik expressed his hope that the motion would not result in additional incarceration for Mr. Benharosh.  On that same day, Mr. Demik filed a Motion for Immediate Designation Arrest and Detention of Material Witnesses on behalf of Mr. Barashy.

6.   On June 27, 2011, Mr. Demik alerted me via email that the arrest warrant had been signed by the judge and sent to the United States Attorney's Office.

7.   On the afternoon of June 28, 2011, I spoke on the phone with Mr. Demik.  During this conversation, Mr. Demik assured me that he did not intend to cause Mr. Benharosh to be subjected to further incarceration.  Indeed, Mr. Demik told me that he filed the motion when he did in order to avoid delaying Mr. Benharosh's release from custody if he is sentenced to time served on July 7.  Mr. Demik also stated that, if it became apparent that detention would continue solely as a result of the material witness warrant, he would withdraw his motion and ask the judge to rescind the warrant.  Mr. Demik stated that he hoped that Mr. Benharosh could be paroled into the United States by the government and remain at liberty with his family during the period that he was required to remain in the United States to satisfy the material witness warrant.  Mr. Demik repeated these sentiments in an email to me later that day.  Mr. Demik has stated that he consents to consolidation of the arraignment on the material witness warrant with Mr. Benharosh's sentencing before Judge Gee, and that he will attend Mr. Benharosh's sentencing on July 7, 2011 to inform Judge Gee of his position regarding Mr. Benharosh's release.

8.   On June 29, 2011, at approximately 2:00 pm, I spoke with AUSA Mark Aveis on the telephone.  AUSA Aveis was responsible for the handling of this matter this week during AUSA Childs' absence.  I informed AUSA Aveis that Mr. Demick agreed to consolidate

proceedings at the sentencing hearing on July 7, 2011. I told AUSA Aveis that it would be most efficient to consolidate, because the United States Marshals Service could serve Mr. Benharosh while he was in court. I informed AUSA Aveis that we intended to request that Judge Gee direct the government to parole Mr. Benharosh into the United States and that she grant him a $5,000 unsecured bond and release on his own recognizance, which is a common arrangement for similar cases in the Central District of California. AUSA Aveis responded that he would tell Judge Gee at the sentencing that the government would not take a position on the motion and leave the requested relief to the court's discretion.

     I, A. Jeff Ifrah, hereby state and affirm that the foregoing statements are true and accurate, to the best of my knowledge, under penalty of perjury, this 29th day of June 2011, in the District of Columbia.

                                                         A. Jeff Ifrah